AN UNNAMED ATTORNEY, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2004-SC-0596-KB.

Supreme Court of Kentucky.

Sept. 23, 2004.

Peter L. Ostermiller, Louisville, Counsel for Movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

Movant, an unnamed attorney, was charged by the Kentucky Bar Association (KBA) with violating SCR 3.130-7.15(1) (Count I) and SCR 3.130-5.5(b) (Count II). Movant filed a Verified Motion for Consensual Discipline admitting to falsely advertising law office locations throughout Kentucky that were neither staffed nor in actual existence. The Movant requested a private reprimand. The KBA filed a Response agreeing with the motion. We therefore issue this unnamed attorney opinion reiterating that it is improper to make false, deceptive or misleading statements about the location of a lawyer's offices. The offending attorney has been privately reprimanded.

In Count I of the Charge issued by the Inquiry Commission on June 20, 2003, Movant was charged with a violation of SCR 3.130-7.15(1). The violation was based upon facts showing that Movant advertised and communicated in telephone directories various office locations in Kentucky. But Movant's offices identified in the respective telephone directories were

neither staffed by a lawyer or any legal support staff, nor were they actual offices.

SCR 3.130–7.15(1) provides that "a lawyer shall not make a false, deceptive, or misleading communication about the lawyer or the lawyer's services. A communication is false, deceptive, or misleading if it contains a material misrepresentation of fact or law, or a fact necessary to make the statement considered as a whole not materially misleading."

Movant and the KBA agree that no client has ever expressed any confusion or misunderstanding concerning the location of Movant's Kentucky law offices. But by stating addresses in Movant's telephone directory advertisements for which no actual offices existed, Movant's communication is misleading, a misrepresentation, and a violation of SCR 3.130–7.15(1). The KBA requests that Movant be privately reprimanded and Movant, in her Verified Motion for Consensual Discipline, has agreed to a private reprimand on Charge I.

In Count II, Movant was charged with a violation of SCR 3.130–5.5(b), which provides that "a lawyer shall not assist a person who is not a member of the Bar in the performance of activity that constitutes the unauthorized practice of law." The KBA and Movant agree that Movant's associate attorney inadvertently signed interrogatory responses without confirming her *pro hac vice* status in that particular case. As this does not rise to the level of a violation of SCR 3.130–5.5(b), the Charge is dismissed.

Upon the foregoing facts and charges, it is ordered that the Movant's Verified Motion for Consensual Discipline be granted. Therefore, it is ORDERED that:

1. Movant, an unnamed attorney, is hereby privately reprimanded for a violation of SCR 3.130–7.15(1).

2. Charge II is hereby dismissed.

3. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $15.58, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: September 23, 2004.

/s/ Joseph E. Lambert
Chief Justice